UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 06-10797-WRS |
| | Chapter 7 |
| DONALD DENMAN, | |
| Debtor. | |
| | |
| WILLIAM C. CARN III, | |
| CHAPTER 7 TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 07-1043-WRS |
| v. | |
| DONALD DENMAN and | |
| JOANNE DENMAN, | |
| Defendants. | |

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on the Motion for Summary Judgment (Doc. 33), filed by the Plaintiff William C. Carn, III, on February 20, 2008.[1] Plaintiff Carn was present in person. Defendant Donald Denman was present by counsel David Harrison, and Defendant Joanne Denman was present by counsel Lee F. Knowles. The parties have all filed briefs. (Docs. 34, 35, 36). For the reasons set forth below, the Court holds that the Trustee's complaint is DISMISSED WITH PREJUDICE.

---

[1] Although this matter is before the Court on a Motion for Summary Judgment, the parties agreed during a pre-trial conference on November 6, 2007, that there were no disputed facts and that the issue to be decided was purely one of law. In accordance with the direction of the parties, the Court will treat this matter as having come before it on cross motions for summary judgment.

## I. FACTS

The parties have filed a joint written stipulation of facts. (Doc. 30). Donald Denman, the Debtor in the underlying bankruptcy proceeding, inherited 64 acres of land located in Geneva County, Alabama in 1995. On May 28, 2004, Denman deeded the property to his mother for no consideration. The admitted purpose of this transfer was an attempt to place the property beyond the reach of Donald's wife. It does not appear to be disputed that the transfer was made with the intent to hinder, delay, or defraud Denman's wife.

On May 11, 2006, Denman and his wife divorced. The property division made in connection with the divorce was done pursuant to an agreement, and the disposition of the 64 acres in question was not disturbed. It is undisputed that Denman was not insolvent at the time of the divorce. Denman filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on August 4, 2006. Denman's financial troubles stem from a heart attack he suffered in October of 2005.

## II. LAW

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H). Accordingly, this is a final order.

### B. Summary Judgment Standard

Summary judgment is only proper when there is no genuine issue of material facts and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56, made

applicable to Adversary Proceedings pursuant to FED. R. BANKR. P. 7056. Rule 56(c) provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "When a party moves for summary judgment, the court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party." Thomas v. Gulf Coast Credit Servs., Inc., 214 F.Supp.2d 1228, 1231 (M.D. Ala. 2002). The court does not "weigh the evidence to determine the truth of the matter, but solely determines whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

*C. Discussion*

The Trustee brings suit pursuant to 11 U.S.C. § 544(b),[2] which provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title." The Trustee contends that Denman's former spouse, Shandra Denman, is a creditor within the meaning of this provision and that she may avoid the transfer under the Alabama Fraudulent Transfer Act. ALA. CODE § 8-9A-4(b)(1), (5), (8). Denman contends that his former spouse is not a creditor within the meaning of this provision.

---

[2] The "look back" provision of the Bankruptcy Code § 548 is inapplicable here, because the transfer took place more than two years before the bankruptcy petition was filed. The Alabama Fraudulent Transfer Act, ALA. CODE § 8-9A-9(1), which provides a ten year "look back" period on fraudulent conveyances of real property. As the transfer here took place less than ten years before the petition was filed, the Alabama Fraudulent Transfer Act is applicable here, through the trustee's § 544(b) strong arm powers.

3

Section 544(b) does not establish substantive provisions for the avoidance of transfers, but rather, it gives the trustee the ability to avoid certain transfers through applicable non-bankruptcy law.  Memory v. Jefferson Federal Savings & Loan (In re Fair), 28 B.R. 160, 162 (Bankr. M.D. Ala. 1983).  The trustee's rights under § 544(b) are dependent on the rights of actual creditors possessing allowable claims.  Campbell v. Deans (In re J.R. Deans Co.), 249 B.R. 121, 129 (Bankr. D.S.C. 2000).

In order to maintain an action of under § 544(b), the trustee must prove the existence of a "qualifying" creditor who: (1) is an unsecured creditor; (2) holds an allowable claim under section 502; and (3) could avoid the transfer under non-bankruptcy law.  MC Asset Recovery, LLC v. The Southern Co., 2006 WL 5112612 (N.D. Ga. Dec. 11, 2006).  The trustee bears the burden of proving the existence of a qualifying creditor, because without the creditor, the trustee is powerless to act under § 544(b).  Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman, 277 B.R. 20, 29 (S.D.N.Y. 2002).

Therefore, the first determination is whether there is an actual qualifying creditor with an allowable claim.  The relevant date to determine the existence of a qualifying creditor is the commencement of the bankruptcy proceedings, i.e., the date the petition is filed.  MC Asset Recovery, 2006 WL 5112612;  Sheffield Steel Corp. v. HMK Enters (In re Sheffield Steel Corp.), 320 B.R. 423, 446 (Bankr. N.D. Okla. 2004).  The qualifying creditor must exist at the time the time the transfer was made, and that creditor must still have a viable claim against the debtor at the time the bankruptcy petition is filed.  In re Consolidated Industries Corp., 397 F.3d 524, 526 (7th Cir. 2005); Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 807 (9th Cir. 1994).

In this case, the bankruptcy petition was filed on August 4, 2006, but the Denmans were divorced on May 11, 2006, three months earlier. The divorce settlement provided that:

> Each of the parties hereto irrevocably releases the other from any claim against the other by reason of any matter, cause, or thing whatsoever, including any claims for alimony, maintenance, and support, and relinquishes all marital and other rights and all property, real and personal now owned or which hereafter may acquired by the other, including dower and other marital rights in said real property, except as may be hereinafter set forth.

(Doc. 22, p. 12-14). Therefore, on the date of the bankruptcy petition, August 4, 2006, Shandra Denman was not a creditor of Denman's. Whether Shandra was a creditor on the date of the transfer need not be determined, because upon entry of the divorce settlement, Shandra was no longer a creditor. Since Shandra was not a creditor on the date of the bankruptcy filing, she is not a "qualifying creditor" under § 544(b). As there is no "qualifying creditor" within the meaning of § 544(b), the Trustee's complaint is due to be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court, having found no material facts in dispute and determining that the Trustee has failed to identify a qualifying creditor as required by 11 U.S.C. § 544(b), holds that the Defendants are entitled to judgment as a matter of law. Therefore, the Trustee's complaint is DISMISSED WITH PREJUDICE.

Done this the 3rd day of March, 2008.

/s/ William R. Sawyer
United States Bankruptcy Judge